UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT REEVES, 222810,

    Petitioner,                                             Civil Action No. 14-CV-14852

vs.                                                                    HON. BERNARD A. FRIEDMAN

JOSEPH BARRETT,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner has filed an application in this matter for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction for first-degree criminal sexual conduct, assault with intent to commit sexual penetration, armed robbery, and felony-firearm. Respondent contends that the petition should be denied because it was not timely filed and because the claims lack merit. For the reasons stated below, the Court shall deny the petition.

### I. Background

Petitioner was convicted following a bench trial in Wayne County Circuit Court. Direct review of petitioner's conviction ended in the Michigan courts on April 29, 2003, when the Michigan Supreme Court denied petitioner's application for leave to appeal following the affirmance of petitioner's conviction by the Michigan Court of Appeals. *See People v. Reeves*, No. 223454, 2002 WL 31105028, at *1 (Mich. Ct. App. Sept. 20, 2002), *lv. den., People v. Reeves,* 468 Mich. 892, 661 N.W.2d 241 (2003). Immediately after the Michigan Supreme Court denied leave to appeal, petitioner filed a *pro se* motion for an evidentiary hearing pursuant to *People v. Ginther,* 390 Mich. 436, 443; 212 N.W.2d 922 (1973). The trial judge initially treated the motion as a post-

conviction motion for relief from judgment pursuant to MCR 6.500. Petitioner, through counsel, filed a motion to withdraw the 6.500 motion [docket entry 12-13]. The judge denied the motion as moot, stating that petitioner could still file a post-conviction motion pursuant to MCR 6.500 if he desired. *People v. Reeves*, No. 99-000496-01 (Wayne Cty. Cir. Ct., Sept. 8, 2003) [docket entry 12-14].

Several years later, on February 15, 2012, petitioner filed a post-conviction motion for relief from judgment, which was denied. The Michigan appellate courts denied leave to appeal. *People v. Reeves*, No. 312010 (Mich. Ct. App. May 30, 2013), *lv. den.* 495 Mich. 913, 840 N.W.2d 342 (2013), *recon. den.* 495 Mich. 951, 843 N.W. 2d 529 (2014), *cert. den.* 135 S. Ct. 64 (2014).

On December 18, 2014, petitioner filed a petition for a writ of habeas corpus, which was held in abeyance so that he could file a second post-conviction motion with the state courts. On May 20, 2015, petitioner filed a second post-conviction motion for relief from judgment, which was denied. The Michigan appellate courts denied leave to appeal. *People v. Reeves*, No. 332224 (Mich. Ct. App. Sept. 27, 2016), *lv. den.* 500 Mich. 1021, 896 N.W.2d 793 (2017), *recon. den.*, 501 Mich. 882, 901 N.W.2d 870 (2017).

On October 26, 2017, the Court granted petitioner's motion to reopen and amend his habeas petition. Petitioner seeks habeas relief on the following grounds:

> I. Petitioner was denied his right to effective assistance of trial counsel and appellate counsel by him not pursuing these claims, where counsel failed to conduct basic investigation, operated under a conflict of interest, switched counsel without the Defendants [sic] consent for substitution, had an excessive caseload, and was otherwise not prepared for the trial of this case.
>
> II. Trial court erred in denying without any statement of reason, the defense request for discovery.
>
> III. Petitioner was denied his right to due process notice of the

2

charges when the state constructively amended the charges to include an uncharged aiding and abetting theory.

IV. Should the Defendant have been granted a new trial based on newly discovered evidence where the Detroit Police investigating the cold case found the perpetrator of the offense and he both admitted guilt and exculpated the Defendant?

V. Should Judge Evans, as sucessor [sic] judge, have held an evidentiary hearing before pronouncing that Mr. Byrdsong's exculpation of Mr. Reeves would not have changed the verdict in this case?

VI. Where the newly discovered evidence changes the Defendant's criminal culpability from the lead Defendant to a minor aider and abettor, is the Defendant should entitled [sic] to resentencing?

VII. Should the Defendant be granted a new trial because the evidence establishes actual innocence and actual innocence should be a basis for a new trial regardless of whether the evidence could have been discovered at an earlier date or not?

VIII. Does Michigan Court Rules 7.216(A)(7) provide a basis for the appellate courts to grant relief on actual innocence grounds?

IX. Did Judge Evans implicitly find that the standards for filing a sucessive [sic] petition were met and should this court should [sic] respect that finding?

X. Should Mr. Reeves be provided with a copy of the police reports and other investigation from the Byrdsong investigation?

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The one-year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such

3

State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Although not jurisdictional, the AEDPA's limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *Akrawi v. Booker,* 572 F. 3d 252, 260 (6th Cir. 2009). A habeas petition filed outside the time period prescribed by this section must be dismissed. *Abela v. Martin*, 348 F. 3d 164, 172-73 (6th Cir. 2003).

Petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied leave to appeal on April 29, 2003. His conviction became final, for purposes of the AEDPA's limitations period, on the date that the 90-day period for seeking certiorari with the United States Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's conviction became final on July 28, 2003, when he failed to file a certiorari petition. Petitioner therefore had until July 28, 2004, to file his habeas petition.

Petitioner filed his first post-conviction motion on February 15, 2012, long after the one-year limitations period had expired. A state court post-conviction motion that is filed after expiration of the one-year limitations period does not extend that period, as by then the period has already elapsed. *See Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Nor did petitioner's second motion for relief from judgment extend the limitations period because that motion was also filed in state court after the expiration of limitations period. *See Parker v. Renico,* 105 F. App'x 16, 18 (6th

4

Cir. 2004).

Petitioner claims that newly discovered evidence from his co-defendant, Pason Byrdsong, exonerates him of the charges. Specifically, petitioner claims that he has evidence that Byrdsong was the sole perpetrator of the crimes for which he, petitioner, was convicted. In support of his claim, petitioner has attached Byrdsong's guilty plea transcript dated June 27, 2014 [docket entry 9, Pg ID 201-19]. At page 13 of the transcript, Byrdsong indicated that no other persons assisted him with the sexual assault, robbery, or kidnaping. Petitioner has also attached an undated and unsworn affidavit from an inmate named David Blake Hudson [docket entry 9, Pg ID 182-84]. Hudson claims that he met Byrdsong while the two were incarcerated in 2005 and 2006 and that Byrdsong told him that he and petitioner had met with some prostitutes, who agreed to have sex with them. After having sex, an argument broke out between the women and Byrdsong because he refused to pay the women. Byrdsong allegedly told Hudson that "they had locked Payday [petitioner] up from a rape case from that situation." Byrdsong laughed about petitioner's predicament and purportedly told Hudson that he, Byrdsong, had been the only one to have sex with the women. Petitioner further alleges that some time after Byrdsong was charged with the offenses, he and Byrdsong ended up in the same cell. Petitioner alleges that Byrdsong confessed to committing the offenses on his own and apologized to petitioner.

Petitioner's allegedly new evidence does not begin to demonstrate his actual innocence, as he claims. As the Sixth Circuit has noted,

> A habeas petitioner is entitled to an equitable exception to AEDPA's one-year statute of limitations if he makes a credible showing of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 392, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013); *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). This type of actual-innocence claim, sometimes called gateway innocence, "does not by itself provide a basis for

5

> relief." *Schlup v. Delo*, 513 U.S. 298, 315, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). The innocence showing is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id.* (quoting *Herrera v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993)). Thus, a petitioner's showing of a credible claim of innocence allows him to skirt a procedural defect in his claim so that a federal court may address his allegation of constitutional error.
>
> The Supreme Court has cautioned that it "should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin*, 569 U.S. at 401, 133 S.Ct. 1924 (citation and internal quotation marks omitted). The exception "applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Id.* at 395, 133 S.Ct. 1924 (alteration in original) (citation and internal quotation marks omitted); *see Souter*, 395 F.3d at 590. The reviewing court must make a "probabilistic determination about what reasonable, properly instructed jurors would do." *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006) (citation omitted).

*Davis v. Bradshaw*, 900 F.3d 315, 326 (6th Cir. 2018). The evidence that Byrdsong acted alone is not "so strong that a court cannot have confidence in the outcome of [petitioner's] trial." In fact, this evidence was flatly contradicted by the trial testimony of the victims and witnesses, as well as petitioner's own statement to the police, that petitioner and two others were involved in the kidnapping, robbery, and sexual assault with which petitioner was charged. *See People v. Reeves*, No. 223454, 2002 WL 31105028, at *1 (Mich. Ct. App. Sept. 20, 2002). Further, Byrdsong's memory of the 1998 event at his 2014 plea hearing was poor. When questioned by the prosecutor, Byrdsong repeatedly indicated he "vaguely remember[ed]," "I can't remember," "I don't remember," "I can't remember back that far," and "I don't know" [docket entry 9, PgID 13-14]. Finally, Hudson's statement is not only hearsay, but unsigned. In short, the new evidence petitioner

6

has produced is insufficient to cast doubt on the validity of his conviction. Consequently, petitioner is not entitled to habeas relief on the grounds that he is actually innocent.

### III. Conclusion

For the reasons stated above,

IT IS ORDERED that petitioner's application for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall issue because petitioner has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

IT IS FURTHER ORDERED that petitioner may not proceed on appeal in forma pauperis because any appeal in this matter would be frivolous. 28 U.S.C. § 1915(a)(3).

Dated: September 24, 2018      s/Bernard A. Friedman  
Detroit, Michigan                  BERNARD A. FRIEDMAN  
                                          SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 24, 2018.

                                            s/Johnetta M. Curry-Williams  
                                            Case Manager